UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                                  Case No. 2:16-cr-20667

v.                                                         HONORABLE STEPHEN J. MURPHY, III

BRIAN DEWAYNE ALI, JR.,

    Defendant.
_____/

## **OPINION AND ORDER DENYING MOTION TO SEVER [19]**

Defendant Brian Dewayne Ali, Jr. was indicted on five counts of robbery in violation of 18 U.S.C. § 1951(a) and five counts of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) for allegedly robbing check cashing stores at gunpoint on five separate occasions. ECF 1. Before the Court is Defendant's Motion to Sever. ECF 19. The issues have been fully briefed, and the Court held a hearing. For the reasons set forth below, the Court will deny the motion.

Defendant first argues that the counts were improperly joined in the indictment under Federal Rule of Criminal Procedure 8. The Rule provides that an indictment may charge a defendant in separate counts for two or more offenses if the offenses "are of the same or similar character[.]" Fed. R. Crim. P. 8. When reviewing the propriety of a joinder under Rule 8, the Court limits its review to "the allegations on the face of the indictment." *Thomas v. United States*, 849 F.3d 669, 675 (6th Cir. 2017) (citations omitted). After reviewing the allegations, the Court finds that the offenses were of a similar character. Defendant is accused of robbing the same type of establishment at gunpoint—all in neighboring communities—on five separate occasions within a two-month time span. ECF 1. The allegations are sufficiently similar to warrant joinder under Rule 8.

Defendant next argues severance is warranted under Federal Rule of Criminal Procedure 14 because the circumstantial nature of the evidence will result in prejudice if the counts are tried together. The Government responds that the evidence of each robbery would be admissible at the trial of the other robberies under Federal Rule of Evidence 404(b), and that, therefore, severance is unwarranted. Factual development of the alleged crimes could indicate preparation, plan, knowledge, and identity in a manner that evidence from each robbery may be admissible at the trial of the others under Rule 404(b). And a curative instruction would remedy any outstanding risk of prejudice. Consequently, severance is unwarranted under Rule 14.

Although severance is unwarranted, the Court recognizes that there is potential for undue prejudice against Defendant. The Court therefore will require both parties to submit a curative instruction and the Government to file notice, before the Final Pretrial Conference, of the precise reason why evidence of each robbery is admissible in consideration of the other robberies pursuant to Rule 404(b).

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion to Sever [19] is **DENIED.**

**IT IS FURTHER ORDERED** that the parties shall file a proposed curative instruction, in compliance with the Scheduling Order, addressing any risk of undue prejudice that may exist due to the joinder of counts at trial.

**IT IS FURTHER ORDERED** that the Government shall file notice of the precise reason why evidence of each robbery is admissible under Federal Rule of Evidence 404(b) no later than 7 days before the Final Pretrial Conference.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 24, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 24, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager