UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRIAN DEWAYNE ALI, JR.,

    Defendant.
_____/

Case No. 2:16-cr-20667-1

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING DEFENDANT'S
OBJECTIONS [93], ADOPTING THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION [92], AND DENYING
DEFENDANT'S MOTION TO REVOKE ORDER OF DETENTION [80]**

On October 4, 2016, Defendant Brian Dewayne Ali, Jr. was indicted on five counts of interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) ("Hobbs Act"), and five counts of use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). ECF 1. On November 15, 2016, Magistrate Judge Anthony P. Patti issued a consent order of detention pending trial/hearing. ECF 7. On August 13, 2019, Defendant filed a motion to revoke the consent order of detention. ECF 80. On August 29, 2019, the Court referred the motion to Magistrate Judge Patti. ECF 85. Magistrate Judge Patti held a hearing on the motion and issued a report and recommendation ("Report"), recommending that the Court deny Defendant's motion to revoke the detention order. ECF 92. On October 15, 2019, Defendant timely objected to the Report. ECF 93. The Government did not respond to the objections.

1

## STANDARD OF REVIEW

Federal Criminal Rule 59(a) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party files objections. The Court need not review any portion of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). The Court "must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a).

## BACKGROUND

The Report lays out the procedural and factual background of the case. *See* ECF 92, PgID 635–38. Defendant raises two objections to the background section of the Report: he objects generally to the procedural history section and he objects to nine statements in the factual background section. ECF 93, PgID 646–49. The Report adequately lays out the procedural history of the case as is relevant to the pending motion. Defendant does not state what aspects of the procedural history he objects to, but rather submits his own procedural history portion that focuses on the initial state case brought against him. *Id.* at 646–47. But the state case has been dismissed and is therefore not relevant to the pending motion. The Court will overrule Defendant's first objection and adopt the procedural background section of the Report.

As to the factual background, the Report provides a proper outline of the relevant facts as alleged in the superseding indictment. Defendant outlines nine specific objections to the Report's factual findings. But six of the specific objections— Objections 2b–2e and 2g–2i—merely attempt to argue that the Government does not

2

have sufficient evidence to bring the underlying charges. ECF 93, PgID 647–49. The Government's proffer of evidence was sufficient to demonstrate the probable cause necessary to obtain a grand jury indictment on each of the charges. ECF 71. The Court will overrule those six subparts of Defendant's second objection. The Report properly laid out the facts of the case based on the evidence submitted in the briefing and at the detention hearing and will be adopted.

Defendant's three remaining specific objections similarly lack merit. First, Defendant seems to provide clarification that he has been married to his wife for ten years and has known her for twelve years. ECF 93, PgID 647. But the Report did not incorrectly state his marital status. The Court will therefore overrule the objection. Second, Defendant argues that he was not involved in an attempted carjacking in Arizona in 2003. *Id.* But the events in Arizona in 2003 are documented as part of a prior state conviction. ECF 82, PgID 593–94 (under seal). And the Court will overrule the objection. Finally, Defendant objects to the assertion that he has $70,000 at his disposal. ECF 93, PgID 648. But the Government provided evidence of Defendant confessing to stealing $105,000 in a robbery. *See* ECF 82, PgID 598 (under seal). And the Government provided evidence at the detention hearing that only $35,000 had been recovered at the time of the hearing, leaving $70,000 of the allegedly confessed-to amount still unaccounted. ECF 92, PgID 637. The Court will overrule the objection. And with each objection to the factual background section overruled, the Court will adopt the Report's factual background section in full.

## DISCUSSION

The Bail Reform Act provides that a defendant shall be detained pending trial if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). When, as here, Defendant has been charged with an offense under 18 U.S.C. § 924(c), there is a presumption in favor of detention. 18 U.S.C. § 3142(e)(3)(B). To overcome the presumption, Defendant must produce evidence both that he is not a flight risk and that he does not pose a danger to the community. 18 U.S.C. § 3142(e)(3). The Report correctly analyzed and applied the factors to Defendant's situation and determined that no condition or combination of conditions of release will reasonably assure Defendant's appearance and the safety of the community. ECF 92, PgID 639–40. Defendant raises four objections—Objections 3 through 6—to the Report's analysis. ECF 93. The Court will address each in turn.

I. <u>Objection 3</u>

Defendant objects to the Report's finding that the charged "offenses involve firearms, compulsiveness, use of disguises, weapons and a lack of deterrence from prior punishments." ECF 93, PgID 649–50. But Defendant is charged with six counts of use of a firearm during and in relation to a crime of violence. ECF 71, PgID 469–75. The charged robberies allegedly occurred within two-and-a-half months after his release from prison on a prior violent felony. ECF 92, PgID 637. And the prior offense was committed while Defendant was on probation for another felony conviction. ECF

4

82, PgID 593 (under seal). The Report adequately analyzed the first factor and found that the nature of the charged offenses supports pretrial detention. The Court will overrule Objection 3.

II. <u>Objection 4</u>

Defendant objects to the Report's finding that he has a history of committing similar crimes and has a history of flight. ECF 93, PgID 650. Defendant merely states that the charged offenses are not similar to prior offenses and that he did not flee to avoid prosecution. But those statements are nothing more than conclusory. The Government, on the other hand, provided evidence of Defendant's prior bank robbery conviction and of his fleeing to Arizona in 2003 to avoid prosecution of a bank robbery charge in Michigan. ECF 82, PgID 593–94 (under seal). The Report therefore adequately addressed and analyzed the second factor based on the record.

Defendant also objects to the Report's finding that his wife's illness and his proposal of using his mother's home as collateral will not be sufficient incentives for him not to flee or cause danger to the community. ECF 93, PgID 650–51. Defendant is rehashing the arguments he already presented in his motion to revoke the detention order, which were thoroughly addressed and properly rejected in the Report. *See Bentley v. Colvin*, No. 16-11314, 2017 WL 3768941, at *2 (E.D. Mich. Aug. 31, 2017) (finding that the plaintiff's "challenge [was] not a proper objection to the Report and Recommendation, as required by Fed. R. Civ. P. 72(b), because it merely rehashe[d] [the plaintiff's prior] arguments."). The Court will overrule Objection 4.

III. <u>Objection 5</u>

Defendant objects to the Report's conclusion that Defendant has spent his brief adult history outside of incarceration committing dangerous crimes. ECF 93, PgID 651. Defendant argues that the magistrate judge presumed Defendant guilty of the charged offenses. *Id.* But the magistrate judge was not stating that Defendant committed the charged crimes. Rather, Defendant's record prior to the present indictment supports the magistrate judge's conclusion. Defendant is 35 years old. ECF 92, PgID 636. In 2002, when Defendant was approximately 18 years old, he was convicted of a felony in state court and sentenced to 18 months' probation. ECF 82, PgID 593 (under seal). Within a few months after his 2002 conviction, he committed an armed bank robbery and fled to Arizona where he committed additional violent crimes. *Id.* at 593–94 (under seal). He was sentenced to 121 months' imprisonment for the armed bank robbery and to ten years' imprisonment for the incidents in Arizona. *Id.* at 594(under seal). He was released from prison in August 2015 and was on supervised release when he allegedly committed the charged offenses. *Id.* at 594–95 (under seal). Based on the record, the Report properly analyzed the third factor. The Court will therefore overrule Objection 5.

IV. <u>Objection 6</u>

Finally, Defendant objects to the Report's conclusion that Defendant employs himself by robbing banks and stores and poses a danger to the community. ECF 93, PgID 651–52. Specifically, Defendant objects to the Report's finding that Defendant has demonstrated a propensity to rob. *Id.* at 652. Based on the record, Defendant has

perpetually been in legal trouble during his adult life for robbery and theft and is a danger to the community. The Court will overrule Objection 6.

Based on the Report's recommendation and the factors set forth in 18 U.S.C. § 3142(g), the Court will overrule Defendant's objections, adopt the magistrate judge's Report, and deny Defendant's motion to revoke the order of detention.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's objections [93] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation [92] is **ADOPTED**.

**IT IS FURHTER ORDERED** that Defendant's motion to revoke order of detention [80] is **DENIED**.

**SO ORDERED.**

                                                s/ Stephen J. Murphy, III
                                                STEPHEN J. MURPHY, III
                                                United States District Judge

Dated: November 12, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 12, 2019, by electronic and/or ordinary mail.

                                                s/ David P. Parker
                                                Case Manager